IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ROBERT KENO JEFFLEY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0196 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DENY
## PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed with this Court a petition for a writ of habeas corpus challenging two (2) prison disciplinary proceedings which took place at the Michael Unit in Anderson County, Texas, and the resultant loss of a total of 240 days previously accrued good time credits. Petitioner is currently serving an 18-year sentence for the offense of attempted murder out of Cass County, Texas. As of the date the instant habeas application was filed, petitioner was incarcerated at the Clements Unit in Potter County, Texas.[1]

In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release

---

[1] Petitioner filed the instant habeas application in the United States District Court for the Eastern District of Texas, where the Michael Unit is located. Cass County, the county of petitioner's conviction, is also located in the Eastern District of Texas. Consequently, the Eastern District had jurisdiction to hear this case. *See Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000). On July 5, 2006, notwithstanding the fact that the Eastern District had jurisdiction, that court transferred petitioner's case to this Northern District Court citing a Southern District case for the proposition that "the appropriate venue for hearing prison disciplinary cases is not the district covering the county of conviction, but rather the district covering the county of incarceration."

<u>and</u> have received a punishment sanction which included forfeiture of previously accrued good time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). In his habeas application, petitioner advises he is in respondent's custody pursuant to a conviction for the felony offense of attempted murder out of Cass County, Texas, and the resulting 18-year sentence. In his application, petitioner contends that, for his original conviction, there was no finding that he used or exhibited a deadly weapon. Petitioner acknowledges, however, that he is not eligible for mandatory supervised release. Inquiry to the Texas Department of Criminal Justice, Correctional Institutions Division, on this date reveals there was a deadly weapon finding with regard to petitioner's original conviction and that petitioner, in fact, is not eligible for mandatory supervised release. As petitioner is <u>not</u> eligible for mandatory supervised release, he is not entitled to any federal habeas corpus relief.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner ROBERT KENO JEFFLEY be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 9th day of August 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).